**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Hunt, ) | No. CV-07-481-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Northland Trucking, ) | |
| Defendant. ) | |

Defendant has filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #10. Plaintiff has filed a response. Dkt. #12. The Court will grant the motion in part and deny it in part.[1]

**I.   Background.**

Plaintiff commenced this action by filing a pro se complaint against Defendant on March 5, 2007. The complaint alleged that Defendant wrongfully terminated Plaintiff's employment and that the termination was "racially motivated." The complaint further alleged that the termination had "forced a life altering hold on [Plaintiff's] career and livelihood." Plaintiff sought monetary compensation and all other measures necessary to

---

[1] The request for oral argument is denied because it will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  restore his career with Defendant. Dkt. #1.

2  The Court dismissed the complaint for lack of subject matter jurisdiction. The Court
3  granted Plaintiff leave to amend the complaint because it appeared that Plaintiff would be
4  able to allege a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.
5  § 2000e *et seq.* Dkt. #4. Plaintiff filed an amended complaint on March 30, 2007. Dkt. #5.

6  **II.    Standard for Dismissal Under Rule 12(b)(6).**

7  A district court may not dismiss a complaint for failure to state a claim "unless it
8  appears beyond doubt that the plaintiff can prove no set of facts in support of his claims
9  which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).
10 When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are
11 taken as true and construed in the light most favorable to the non-moving party." *Smith v.*
12 *Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the court must assume that all
13 general allegations "embrace whatever specific facts might be necessary to support them."
14 *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

15 **III.   Defendant's Motion to Dismiss.**

16 The amended complaint asserts federal question jurisdiction under Title VII and
17 42 U.S.C. § 1983. Dkt. #5 at 1. Defendant argues that the amended complaint does not state
18 a § 1983 claim. Dkt. #10 at 2. The Court agrees. Neither the amended complaint nor
19 Plaintiff's response alleges that Defendant acted under color of state law in depriving
20 Plaintiff of a constitutional right. *See* Dkt. ##5, 12. The Court will grant the motion to
21 dismiss to the extent the amended complaint purports to assert a § 1983 claim.

22 Defendant further argues that Plaintiff fails to allege any facts to support a Title VII
23 violation. Dkt. #10 at 3. To the contrary, Plaintiff alleges in great detail the factual basis of
24 his race discrimination and retaliation claims under Title VII. Dkt. #5 at 2-5. Plaintiff also
25 has attached to the amended complaint copies of his administrative charges of discrimination
26 and retaliation. *Id.* at 6, 9.

27 Rule 8 "require[s] only a 'short and plain statement of the claim showing that the
28 pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir.

1997) (quoting Fed. R. Civ. P. 8(a)). "The Rule 8 standard contains 'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Id.* at 249 (citation omitted). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The amended complaint in this case provides Defendant with fair notice of the factual basis of Plaintiffs' claims for race discrimination and unlawful retaliation. The Court will deny the motion to dismiss with respect to Plaintiff's Title VII claims.

**IV.     Plaintiff's Proposed Second Amended Complaint.**

Attached to Plaintiff's response is a proposed second amended complaint. Dkt. #12. The Court will deny Plaintiff leave to file his complaint. Plaintiff's first amended complaint sufficiently states Title VII claims. *See* Dkt. #5. The proposed second amended complaint does not assert any additional claims. *See* Dkt. #12.

**IT IS ORDERED:**

1.   Defendant's motion to dismiss (Dkt. #10) is **granted in part** and **denied in part** as set forth in this order.

2.   Plaintiff is **denied** leave to file a second amended complaint.

DATED this 12th day of June, 2007.

*Daniel G. Campbell*
———————————————————
David G. Campbell
United States District Judge

- 3 -