**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Hunt,                                ) | No. CV-07-481-PHX-DGC |
|                          Plaintiff,          ) | **ORDER** |
| vs.                                           ) | |
| Northland Trucking,                    ) | |
|                          Defendant.        ) | |

Plaintiff has filed a motion for summary judgment. Dkt. #14. The Court will deny the motion without prejudice.

**I.     Background.**

Plaintiff filed a pro se complaint against Defendant on March 5, 2007. The complaint alleged that Defendant wrongfully terminated Plaintiff's employment and that the termination was "racially motivated." Plaintiff sought monetary compensation and all other measures necessary to restore his career with Defendant. Dkt. #1.

The Court dismissed the complaint for lack of subject matter jurisdiction. The Court granted Plaintiff leave to amend the complaint because it appeared that Plaintiff would be able to allege a violation of Title VII of the Civil Rights Act of 1964. Dkt. #4.

Plaintiff filed an amended complaint that purported to assert claims under Title VII and 42 U.S.C. § 1983. Dkt. #5. The Court dismissed the § 1983 claim. Dkt. #13. Defendant filed an answer to the amended complaint on July 13, 2007. Dkt. #15.

**II.     Discussion.**

As the party seeking summary judgment, Plaintiff bears the initial burden of

"identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Rule 56.1 of the Local Rules of Civil Procedure explicitly provides that the party seeking summary judgment shall file a separate statement "setting forth each material fact on which the party relies in support of the motion. Each material fact . . . shall refer to a specific admissible portion of the record where the fact finds support[.]" LRCiv 56.1(a).

Plaintiff has not met his summary judgment burden. Plaintiff's motion is based solely on allegations. *See* Dkt. #14 at 5-13. Plaintiff has not filed a separate statement of facts or any supporting evidence.

The Court will deny Plaintiff's motion without prejudice. *See* LRCiv 56.1(a) (stating that the failure to file a separate statement of facts may constitute grounds for denying a summary judgment motion). Plaintiff may seek summary judgment after the parties have had sufficient opportunity to conduct discovery. *See* Fed. R. Civ. P. 56(f) (stating that the court may deny a summary judgment motion "to permit affidavits to be obtained or depositions to be taken or discovery to be had").

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #14) is **denied** without prejudice.
2. The Court will set a Case Management Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure by separate order.

DATED this 20th day of July, 2007.

David G. Campbell
United States District Judge