**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Hunt, | No. CV-07-0481-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Northland Trucking, | |
| Defendant. | |

Defendant has filed a motion to dismiss. Dkt. #44. Plaintiff has submitted a response and Defendant a reply. Dkt. ##45, 46. For the reasons that follow, the Court will deny the motion.[1]

**I.    Background.**

On March 5, 2007, Plaintiff James E. Hunt filed a *pro se* complaint against his former employer, Defendant Northland Trucking. Dkt. #1. The Court dismissed the complaint for lack of subject matter jurisdiction. Dkt. #4. The Court granted Plaintiff leave to amend because, upon a liberal reading of the complaint, it appeared that Plaintiff would be able to allege a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. *Id*.

---

[1] Defendant's request for oral argument is denied because Defendant has fully briefed its motion and oral argument will not aid the Court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  Plaintiff filed an amended complaint on March 30, 2007, alleging discrimination on 2 the basis of race and retaliation in violation of Title VII and 42 U.S.C. § 1983. Dkt. #5. On 3 Defendant's motion, the Court dismissed Plaintiff's section 1983 claim for failure to state a 4 claim upon which relief may be granted. Dkt. #13; *see* Fed. R. Civ. P. 12(b)(6). On July 12, 5 2007, Plaintiff filed a motion for summary judgment, which the Court denied without 6 prejudice. Dkt. #16.

7  On August 30, 2007, the Court entered a case management order setting a discovery 8 deadline of May 23, 2008, and a dispositive motions deadline of June 27, 2008. Dkt. #22. 9 The parties engaged in discovery and efforts to settle this dispute at least through May 1, 10 2008.

11 **II.    The Pending Motion.**

12 Plaintiff's amended complaint sets forth facts in support of the alleged discrimination 13 and also states that he has "many more incidences like this one that I have documented." 14 Dkt. #5 at 4. Defendant asserts that, in the course of discovery, Plaintiff had not been 15 forthright with respect to disclosing the other incidents of discrimination. Dkt. #44 at 1-4. 16 On May 2, 2008, Defendant filed notice with the Court that a continuance of Plaintiff's 17 deposition would be held on May 13, 2008 (Dkt. #43), ostensibly for the purpose of 18 permitting Plaintiff to discuss those additional incidents (*see* Dkt. #44 at 3-4).

19 According to Defendant, Plaintiff did not appear at the continuance of his deposition, 20 could not be subsequently reached by telephone, and did not pick up a certified letter noting 21 that he had failed to appear at the deposition. Dkt. #44 at 4. Defendant asserts that Plaintiff 22 was arrested on May 12, 2008 – the day before the continuance of his deposition – and 23 remains in State custody facing two felony charges. *Id.*

24 Defendant moves to dismiss this case for lack of prosecution pursuant to Rule 41(b) 25 of the Federal Rules of Civil Procedure based on Plaintiff's failure to appear at the May 13, 26 2008, deposition and his continuing incarceration. Dkt. ##44, 46. Plaintiff filed a response 27 from the Maricopa County Fourth Avenue Jail that does not dispute his failure to appear for 28 the deposition or address his incarceration. Dkt. #45.

**III.    Discussion.**

Rule 41(b) enables a defendant to seek dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court[.]" Fed. R. Civ. P. 41(b); *see Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) (a plaintiff has the general duty to prosecute his case). In determining whether a plaintiff's failure to prosecute warrants dismissal of his case under Rule 41(b), a district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Considering these factors, the Court concludes that dismissal is not the appropriate sanction at this stage of the litigation. Plaintiff's offense is missing a deposition. Although such an offense might normally warrant some sanction, such as requiring a party to appear for the deposition or pay the other side's costs for the missed deposition, it does not warrant dismissal. The public policy favoring disposition of cases on their merits and the availability of less drastic sanctions suggest that dismissal is too harsh a sanction for missing a deposition one time.

Much of the parties' discussion in the motion briefing concerns various discovery disagreements. The Court notes, however, that it has held no conference calls with the parties to resolve discovery issues, despite its consistent availability to resolve such issues. *See* Dkt. #22, ¶ 6.

The Court will deny the motion and proceed to the dispositive motion stage of this case. If Defendant believes it has been disadvantaged by Plaintiff's discovery conduct, it may note that fact in any motion it files. If Plaintiff attempts to support or oppose a motion with evidence he should have disclosed during discovery but failed to disclose, the Court will take that fact into account in deciding what evidence may properly be considered in ruling on the dispositive motions.

The Court is mindful that Plaintiff is proceeding *pro se* and now appears to be incarcerated. "*Pro se* prison inmates, with limited access to legal materials, occupy a position significantly different from that occupied by litigants represented by counsel." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.4 (9th Cir. 1986) (citation omitted). *Pro se* litigants are nonetheless bound by "the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987), including Rule 41(b)'s requirement that a plaintiff prosecute his case with reasonable diligence, *see Crosby v. State of Arizona*, No. 05-3234, 2006 WL 3499931 (D. Ariz. Dec. 5, 2006). Plaintiff will be required to participate in dispositive motion briefing on the schedule to be set below.

**IT IS ORDERED**

1. Defendant's motion to dismiss (Dkt. #44) is **denied**.
2. The deadline for filing dispositive motions is extended to **August 8, 2008**. All other terms of the Court's Case Management Order (Dkt. #22) remain in effect.

DATED this 9th day of July, 2008.

David G. Campbell
United States District Judge